LOCK JOINT PIPE CO. OF PUERTO RICO, Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY OF PUERTO RICO, Defendant and Appellee.

No. 11086. Argued April 5, 1954.—Decided May 3, 1955.

*Elmer Toro Luchetti* for appellant. *José Trías Monge, Attorney General,* and *J. C. Santiago Matos, Assistant Attorney General,* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

---

[7] See § 10 of Act No. 47 of 1931, pp. 378, 380.

On June 13, 1938, plaintiff-appellant herein obtained a tax exemption for a new industry under the provisions of Act No. 94 of May 14, 1936 (Sess. Laws, p. 494). Said Act provided that such tax exemption should not include income taxes. By virtue of certain additional concessions, plaintiff-appellant enjoyed such an exemption until July 28, 1949.

Plaintiff-appellant paid to the Treasurer of Puerto Rico the amount of $108,837 for income taxes corresponding to the year 1948 and $13,258.21 for income taxes corresponding to the year 1949. Having learned that the Legislature of Puerto Rico had approved Act No. 184 of May 13, 1948 (Sess. Laws, p. 482), which provided that new industries recognized by said Act would not have to pay income taxes, plaintiff requested the former Treasurer of Puerto Rico to refund the amounts which it had paid for income taxes. The then Treasurer of Puerto Rico refused to refund the tax on the grounds that Act No. 184 provided that all tax exemptions granted under the provisions of Act No. 94 should remain in force for the period prescribed therein and to the extent and under the conditions under which they were granted.

Plaintiff-appellant filed in the Superior Court of Puerto Rico, San Juan Part, a petition for the refund which the then Treasurer had denied. The San Juan Court dismissed complainant's petition. The latter appealed to this Court and assigns two errors: (1) "error of law in holding that the tax exemption which appellant enjoyed until July 28, 1949, did not include an income tax exemption after Act No. 184 of 1948 was approved," (2) "error of law in deciding the question of fact raised on the administrative practice followed by the Secretary of the Treasury as to the interpretation, application and scope of Act No. 184 of 1948 in connection with Act No. 94 of 1936."

■■ The case centers on the interpretation of § 15 of Act No. 184 of May 13, 1948, which provides: "Act No. 94

of May 14, 1936, and Act No. 346, approved May 12, 1947, and Act No. 22, approved December 5, 1947, are hereby repealed; *Provided*, That all tax exemptions granted under said Acts shall remain in force together with all benefits, rights, privileges, obligations and limitations provided for in this Act, and the applications filed in accordance with the aforesaid Acts No. 346 and 22, both of 1947, shall be prosecuted under the provisions hereof; *Provided, further,* That all tax exemptions granted under the provisions of the said Act No. 94, of May 14, 1936, shall remain in force for the period prescribed therein and to the extent and under the conditions under which they were granted, and the Executive Council shall see to the strict enforcement of the conditions of such exemptions and shall, in case of non-compliance therewith, act in the same manner and with the same powers as the Public Service Commission would have acted under the said Act No. 94, of 1936. The Executive Council may grant, under the same terms, conditions, and scope under which it would have been granted by the Public Service Commission under the provisions of Act No. 94 of May 14, 1936, had said Act been in force, an extension of any tax exemption granted by said Commission. Natural or artificial persons enjoying tax exemption under said Act No. 94, of 1936, may avail themselves of the benefits of this Act provided they fulfill the conditions hereof."

Plaintiff-appellant contends that in the first *proviso* of the Act prescribing: "that all tax exemptions granted under said Acts shall remain in force together *with all benefits, rights, privileges, obligations and limitations provided for in this Act,* and the applications filed in accordance with the aforesaid Acts No. 346 and 22, both of 1947 shall be prosecuted under the provisions hereof", the Legislature "meant to place all the exemptions under the law on a par and granted the former industries which enjoyed tax exemp-

tions and whose period was about to expire, the same exemption it was granted the new industries."

Such is not the case. We copy below the second provision which sheds light on the whole situation: *"Provided, further,* that all tax exemptions granted under the provisions of the said Act No. 94, of May 14, 1936, shall remain in force *for the period prescribed* therein *and to the extent* and *under the conditions* under which they were granted."  The purpose of including the three Acts at the beginning of § 15 is to repeal those three Acts.  An examination of the legislative history of Act No. 184 makes the situation clearer. Originally Act No. 184 of May 13, 1948 was the Senate Bill No. 1, § 15 of which was worded in the following terms:

" Section 15.

Act No. 346, approved May 12, 1947, as well as Act No. 22, approved December 5, 1947, are hereby repealed; Provided, that all tax exemptions granted under said Acts shall remain in force and the applications filed in accordance with the aforesaid Acts shall be prosecuted under the provisions hereof; provided, further, That all tax exemptions granted under the provisions of the said Act No. 94, of May 14, 1936, shall remain in force for the period prescribed therein and to the extent and under the conditions under which they were granted, and the Executive Council shall see to the strict enforcement of the conditions of such exemptions and shall, in case of non-compliance therewith, act in the same manner and with the same powers as the Public Service Commission would have acted under said Act No. 94 of 1936. Natural or artificial persons enjoying tax exemptions under said Act No. 94, of 1936, may avail themselves of the benefits of this Act provided they fulfill the conditions hereof."

The original bill was amended by virtue of the following report of the Committee of the Treasury and Development.

"Your Committee of the Treasury and Development has received and studied Senate Bill No. 1 and has the honor of proposing its *approval with the following amendments:*

.    .    .    .    .    .    .    .

Page 21—Between lines 1 and 2 insert the following:
"Act No. 94 of May 14, 1936."
Page 21 line 2—change "The" to "the" * and change "as well as" to "and"
Page 21 line 5—after words "in force" insert "together with all benefits, rights, privileges, obligations and limitations provided for in this Act"
Page 21 line 6—strike out "aforesaid acts * * and insert "Nos. 346 and 22, both of 1947,"
Page 21 line 16—After the period (.) insert "The Executive Council may grant, under the same terms, conditions, and scope under which it would have been granted by the Public Service Commission under the provisions of Act No. 94 of May 14, 1936, had said Act been in force, an extension of any tax exemption granted by said Commission."

.    .    .    .    .    .    .    .

There is nothing in the report of that Committee to indicate that it was the legislative intent to embody all the exemptions in a single provision.  The inconsistency which is brought about in the first *proviso* by including Act No. 94 of May 14, 1936, in the provision whereby the Acts are repealed is promptly explained by the second proviso.  Even if we construed the first *proviso* isolatedly, as sought by plaintiff-appellant, the exemptions would remain in force together with all benefits, rights, privileges, obligations and *limitations* provided *by this Act* and even § 15 limits the exemptions granted under the provisions of Act No. 94 of May 14, 1936, by exact literal mandate of the law, to:

---

* The English version, by virtue of translation, omits article "The" hence this amendment does not apply to the English text.

** The English version keeps the word "aforesaid"; hence, this amendment does not apply to the English text.

(1) "the period prescribed therein", (2) "the *extent* and *under the conditions* under which they were granted."

It is clear that we are dealing here with a mere ambiguity in the wording, produced by certain additions which were made to the original text without bearing in mind the possibility of introducing certain expressions incompatible with other portions of the text.

The language of the Act is so clear that we do not see how any administrative practice could affect it. No departmental or administrative construction may be allowed to alter the clear and precise language of the statute: *United States* v. *Missouri Pac. R. Co.*, 278 U. S. 269, 277–78; 73 L. Ed. 322, 376 (*Butler*) (1929).

The judgment appealed from will be affirmed.

Mr. Justice Negrón Fernández concurs in the result.